(57 Misc. Rep. 292.)

PEOPLE ex rel. COMMISSIONER OF PUBLIC CHARITIES OF CITY OF NEW YORK v. STEINHART.

(Court of General Sessions, New York County.　December, 1907.)

HUSBAND AND WIFE—NONSUPPORT—REVIEW—PROCEDURE.

　　Where a husband was convicted for nonsupport of his wife before a city magistrate, in order to appeal to the Court of General Sessions, he must, under Greater New York Charter, Laws 1901, p. 281, c. 466, § 689, give a written undertaking, and the appeal must be taken within 60 days after the committal of the defendant, under Code Cr. Proc. § 751, and in default thereof the appeal will be dismissed.

Action by the people, on the relation of the Commissioner of Public Charities of the City of New York, on behalf of Evelyn H. Steinhart, against Samuel Steinhart.　From a conviction before a city magistrate, defendant appeals.　Dismissed.

John R. Heinzelman, for appellant.
James D. Carr, Asst. Corp. Counsel, for respondent.

ROSALSKY, J.　The appellant above named was, on the 21st day of August, 1907, in the First District City Magistrates' Court, Seventh District, adjudged a disorderly person in having abandoned his wife in the city of New York, without adequate support, leaving her in danger of becoming a burden upon the public, and the appellant was ordered to pay to the Commissioner of Public Charities of the City of New York, for the support of his said wife, the sum of $7 per week for the space of one year, and to give a bond in the sum of $364 for the faithful performance of the order of the magistrate, and, in default thereof, to stand committed to the workhouse, in accordance with the statutes in such cases made and provided.　The appellant, feeling aggrieved by the determination made in the Magistrates' Court, presented on the 21st day of October, 1907, an affidavit to this court for an allowance of appeal, which was allowed by the judge then presiding in part 1 of this court.

The appellant did not give a written undertaking as required by law, and is now confined in the workhouse under a commitment of the city magistrate.　The corporation counsel and the attorney for the appellant agreed in writing that in case of the affirmance or the reversal of the judgment no costs should be awarded to either party as against the other.　Section 751 of the Code of Criminal Procedure provides as follows:

　　"For the purpose of appealing, the defendant, or some one on his behalf, must within sixty days after the judgment, or within sixty days after the commitment where the appeal is from the latter, make an affidavit showing the alleged errors in the proceedings or conviction or commitment complained of, and must within that time present it to the county judge or a justice of the Supreme Court, or, in the city and county of New York, to the recorder or a judge authorized to hold a Court of General Sessions in that city, or in the city of Albany to the recorder, and apply thereon for the allowance of the appeal."

Section 689 of the Greater New York charter (Laws 1901, p. 281, c. 466), which in connection with the Code of Criminal Procedure reg-

ulates appeals from convictions in abandonment cases, provides as follows:

"An appeal to the Court of General Sessions may be taken from the conviction before a city magistrate under this chapter within the county of New York, or to the County Court in any other county within the city of New York, which said appeal shall be conducted under and in accordance with the provisions of the Code of Criminal Procedure of the state of New York, except that the judge allowing the appeal must take from the defendant a written undertaking, in such sum and with such sureties as he may approve, that defendant will abide the judgment of the appellate court upon the appeal and will pay all costs which may awarded against him. * * * "

It seems to me, therefore, that in an abandonment case before the appeal can be heard by this court, the appeal must be taken within 60 days after the committal of the defendant, and a written undertaking must be given by the defendant, with such sureties as the court may approve, so that the defendant will abide the judgment of this court upon the appeal and will pay all costs which may be awarded against him. Since the affidavit for the allowance of the appeal was not presented within the 60 days, as required by section 751 of the Code of Criminal Procedure, and no undertaking given by the defendant as provided in section 689 of the charter, this court is, therefore, precluded from hearing the appeal.

The right of appeal is not guaranteed to a person by the Constitution, and such right is entirely within the legislative judgment. People v. Dunn, 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247. The Legislature, therefore, had the undoubted right to impose certain conditions before an appeal could be heard, even though the condition of giving an undertaking may have the tendency of discriminating between the rich and the poor defendant. The Legislature, having made it a condition precedent to the hearing of an appeal in an abandonment case that an undertaking be given, evidently did so in order to protect the rights of the wife, so that she would receive support from the defendant, and in order that costs should be paid to the Commissioner of Public Charities in the event of the affirmance of the judgment.

Section 689 of the Greater New York charter makes it mandatory upon the judge hearing the appeal to give $30 costs to the appellant upon reversal and $25 costs to the respondent upon affirmance. The learned corporation counsel, therefore, had no right to enter into the stipulation referred to, and in view of this charter provision the stipulation must be treated as a nullity and without force in law. The learned judge who allowed the appeal agrees with the view herein stated.

The appeal is, therefore, dismissed.

Appeal dismissed.